## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **JOSEPH WILBORN, No. R-17937,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | **CIVIL NO. 13-cv-00070-JPG** |
| | ) | |
| **LOUIS SHICKER,** | ) | |
| **DAVID EALEY,** | ) | |
| **WILLIAM JOHNSON,** | ) | |
| **BENNETT,** | ) | |
| **MR. HENRY,** | ) | |
| **OFFICER STARKWEATHER,** | ) | |
| **A. WALTER,** | ) | |
| **REES,** | ) | |
| **SORT TEAM DRIVERS,** | ) | |
| **TAC TEAM,** | ) | |
| **SHELBY DUNN,** | ) | |
| **LAKEISHA HAMBY,** | ) | |
| **MARVIN POWERS,** | ) | |
| **NIGEL VINYARD,** | ) | |
| **CHRISTOPHER PHEMISTER,** | ) | |
| **NIGEL PHELPS,** | ) | |
| **OTHER UNKNOWN STAFF,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff Joseph Wilborn, who is serving a 55-year sentence for murder and is currently

incarcerated at Pontiac Correctional Center, has brought this *pro se* civil rights action pursuant to

42 U.S.C. § 1983.  Plaintiff initially filed his case in the Northern District of Illinois, and it was

transferred to the Southern District of Illinois because it pertains to events at Menard

Correctional Center ("Menard") and Tamms Correctional Center ("Tamms"), which are located

in this district.[1]   Plaintiff contends that after prison officials at Menard severely beat him in July

2011, rather than providing him with medical care for his injuries, they transported him

overnight to Tamms, where he was denied care and retaliated against in various ways for more

than a year.   The complaint enumerates nine separate claims (Doc. 13).

Count 1 alleges that Menard correctional officers Johnson, Bennett, Lloyd, Ealey,

Starkweather, Henry and unknown staff subjected him to excessive force—beating him and

spraying mace in his face.  In Count 2, Plaintiff claims that Major Rees and other unknown

officials watched the attack and failed to intervene.  Count 3 is a deliberate indifference claim

against Defendants Johnson, Bennett, Lloyd, Ealey, Starkweather, Henry, Rees, unknown staff,

and Nurse Walters for failing to get Plaintiff medical care for his injuries.  According to the

complaint, Plaintiff had a visibly dislocated shoulder, a badly bruised and swollen face, and an

array of cuts, bruises and injuries.  Immediately after that incident, Plaintiff was transferred to

Tamms.  Count 4, against Defendants Johnson, Bennett, Lloyd, Ealey, Starkweather, Henry,

Rees and unknown staff, contends that the beating was in retaliation for "complaining," and the

transfer was aimed at stopping Plaintiff from complaining about the beating.

In Count 5, Plaintiff further claims that "two Tamms Sort Drivers" who transported him

to Tamms,  and those who first encountered Plaintiff upon his arrival—the "Tamms Tac Team,"

Nurse Dunn, Nurse Hamby, and two unidentified officers—were also deliberately indifferent to

his serious medical needs.  Count 6 pertains to C/O Phemister, the correctional officer

monitoring Plaintiff just after he arrived, who denied Plaintiff food and drink on multiple

occasions in retaliation for the events at Menard and for complaining about what happened.

In Count 7, Plaintiff further alleges that, for more than a year, the Medical Director for

---

[1] Tamms Correctional Center closed in January 2013.

the Illinois Department of Corrections, Louis Shicker, along with Tamms Medical Director Dr.

Powers, and Health Care Unit Administrator Vinyard, were all deliberately indifferent when they

subsequently denied Plaintiff follow-up care recommended by an outside physician.

In Count 8, Plaintiff claims that approximately two months after his arrival at Tamms his

personal property finally arrived, but his eye glasses and a manuscript had been taken by

Property Officer Vanhoorebeke in retaliation for the altercation with the officials at Menard.

According to Count 9, on multiple occasions, Correctional Officer Phelps ransacked Plaintiff's

cell, handcuffed Plaintiff too tightly, and refused Plaintiff reading materials—all in retaliation for

the altercation with guards at Menard.

Plaintiff  Wilborn seeks compensatory and punitive damages, equitable relief in the form

of a mandatory injunction requiring proper medical care, declaratory judgment, release from

Tamms and placement in the general prison population, as well as an award of attorney's fees,

cost and expenses.

**Merits Review**

According to 28 U.S.C. § 1915A, the Court is required to conduct a prompt threshold

review of the complaint.  Accepting Plaintiff Wilborn's allegations as true and construing the

complaint liberally, the Court finds that **Counts 1-6** state colorable Eighth and First Amendment

claims against Defendant correctional officers Johnson, Bennett, Lloyd, Ealey, Starkweather,

Henry and Phemister, Major Rees, Nurse Walters, Nurse Dunn, Nurse Hamby and the multiple

unidentified defendants, including "two Tamms Sort Drivers" and  the "Tamms Tac Team."

Similarly, **Counts 7-9** state plausible Eighth and First Amendment claims against Defendants

Shicker, Powers, Vinyard, Vanhoorebeke and Phelps.

**Severance**

Counts 1-6 are factually and chronologically intertwined, and the legal issues are related. However, the thread linking those claims becomes too thin and attenuated to warrant consideration of Counts 7-9 in the same action.  "Unrelated claims against different defendants belong in different suits[.]"  *George v. Smith,* 507 F.3d 605, 607 (7th Cir. 2007). Otherwise, prisoners easily could sidestep the requirements of the Prison Litigation Reform Act of 1995 ("PLRA"), Pub.L. No. 104–134, 110 Stat. 1321 (1996), in particular the PLRA's provisions regarding filing fees. *See id.*  Rule 18 provides, in relevant part, that "[a] party asserting a claim, counterclaim, crossclaim, or third-party claim may join, as independent or alternative claims, as many claims as it has against an opposing party."  Fed.R.Civ.P. 18(a).  Accordingly, "multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2."  *George,* 507 F.3d at 607.

Rule 20 of the Federal Rules of Civil Procedure applies with as much force to cases brought by prisoners as it does to any other kind of case.  *See id.*  Under Rule 20, persons may be joined in one action as defendants if: "(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." Fed.R.Civ.P. 20(a)(2).  Both of the requirements of Rule 20(a) must be satisfied in order to sustain party joinder under the rule.  *See Intercon Research Associates., Ltd. v. Dresser Industries,* 696 F.2d 53, 57 (7th Cir. 1982).  Accordingly, "[a] buckshot complaint that would be rejected if filed by a free person—say, a suit complaining that A defrauded the plaintiff, B defamed him, C punched him, D failed to pay a debt, and E infringed his copyright, all in different transactions—should be rejected if filed by a prisoner."

*George,* 507 F.3d at 607.

The Court has broad discretion to determine when joinder is appropriate. *See Thompson v. Boggs,* 33 F.3d 847, 858 (7th Cir.1994). A district court's discretion as to joinder allows it "to consider, in addition to the requirements of Rule 20, 'other relevant factors in a case in order to determine whether the permissive joinder of a party will comport with the principles of fundamental fairness.' " *Chavez v. Illinois State Police,* 251 F.3d 612, 632 (7th Cir. 2001) (quoting *Desert Empire Bank v. Insurance Co. of North America,* 623 F.2d 1371, 1375 (9th Cir. 1980)). *See also* 7 Charles Alan Wright, Arthur R. Miller, Mary Kay Kane & Richard L. Marcus, Federal Practice and Procedure § 1653 (3rd ed. 1998 & Supp. 2011) (the discretion district courts have as to joinder "promote[s] judicial economy by permitting all reasonably related claims for relief by or against different parties to be tried in a single proceeding under the provisions of Rule 20") (collecting cases).

From Plaintiff Wilburn's perspective, all nine of his claims stem from the attack at Menard that is the subject of Count 1, which led to his injuries, inadequate medical care, his transfer and retribution upon arrival at Tamms (Counts 1-6) and continuing for more than a year thereafter. For example, Count 7 is captioned, "Continuing Violation Deliberate Indifference Follow Up Treatment" [sic], but, aside from the origin of the physical injuries for which Plaintiff seeks follow-up care, there is no link between Count 7 and Counts 1-6. Plaintiff claims Medical Director Louis Shicker, Dr. Powers and Health Care Unit Administrator Vinyard all denied a recommended orthopedic consultation for budgetary reasons, and he otherwise takes issue with various treatment decisions made through at least June 2012. These issues can be decided independently from Counts 1-6.

Count 8 alleges that when his personal property arrived from Menard, Tamms Property

Officer Vanhoorebeke intentionally removed Plaintiff's glasses and a manuscript from the shipment, "as a token of get back." According to the complaint, Vanhoorebeke said he would continue to interfere with Plaintiff's mail and property "for [Vanhoorebeke's] friends at Menard." Again, whether Vanhoorebeke retaliated against Plaintiff for complaining about the Menard attack can be determined independently from Counts 1-6, and separately from Count 7.

Count 9 alleges that, on multiple occasions, Tamms correctional officer Phelps ransacked Plaintiff's cell, denied him reading materials and otherwise mistreated Plaintiff in retaliation for grievances and complaining about the attack at Menard. This claim can also be determined independently from all other claims.

Consistent with *George*, Counts 7-9 shall be severed from Counts 1-6 and from each other. A separate case shall be opened for each of the three severed claims; each case bearing a separate case number. However, Plaintiff shall have an opportunity to voluntarily dismiss any or all of the newly severed cases if he does not wish to proceed or incur the additional filing fee that must be assessed for each case.

**<u>Equitable Relief</u>**

Insofar as Plaintiff Wilborn seeks mandatory injunctive relief in the form of a release from Tamms into a general population prison, it must be noted that that remedy is moot because Tamms has been closed and Plaintiff has been transferred to Pontiac Correctional Center.

Similarly, Plaintiff's general prayer for medical treatment at Tamms is moot. Nevertheless, Louis Shicker, medical director for the Illinois Department of Corrections, remains a proper defendant for such equitable relief at whichever facility is housing Plaintiff.

### Disposition

**IT IS HEREBY ORDERED** that, for the reasons stated, Counts 1-6 shall proceed in this action against Defendants **WILLIAM JOHNSON, BENNETT, LLOYD, DAVID EALEY, OFFICER STARKWEATHER, MR. HENRY, CHRISTOPHER PHEMISTER, REES, A. WALTERS, SHELBY DUNN, LAKEISHA HAMBY**, and **OTHER UNKNOWN STAFF**, including **SORT TEAM DRIVERS** and the **TAC TEAM**.  Plaintiff's prayer for mandatory injunctive relief in the form of a release from Tamms into a general population prison is **MOOT**.

**IT IS FURTHER ORDERED** that Counts 7-9 are **SEVERED** into three new cases:  (1) an Eighth Amendment claim against **LOUIS SHICKER, MARVIN POWERS** and **NIGEL VINYARD** for deliberate indifference toPlaintiff's serious medical needs; (2) a First Amendment claim for retaliation against Defendant **GARY VANHOOREBEKE**; and (3) a First Amendment claim for retaliation against Defendant  **NIGEL PHELPS**.  In each new case, the Clerk is **DIRECTED** to file the following documents:

1.      This Memorandum and Order; and

2.      The Original Complaint (Doc. 13).

Plaintiff is **ADVISED** that if, for any reason, he does not wish to proceed with any or all of the newly-opened cases, he must notify the Court in writing on or before March 27, 2013. Service will not be ordered on Defendants **LOUIS SHICKER, MARVIN POWERS, NIGEL VINYARD, GARY VANHOOREBEKE** and **NIGEL PHELPS** until after the deadline for Plaintiff's response.  However, the Clerk shall **TERMINATE LOUIS SHICKER, MARVIN POWERS, NIGEL VINYARD, GARY VANHOOREBEKE** and **NIGEL PHELPS** as defendants in the instant action.

Unless Plaintiff notifies the Court that he does not wish to pursue the newly opened

actions, **Plaintiff will be responsible for an additional $350.00 filing fee for <u>each</u> new case**.

Plaintiff paid the full filing fee for this action because his trust fund account contained sufficient

funds; depending on his current financial situation, a motion to *proceed in formal pauperis* in

one or more of the newly severed cases may be warranted.

### Service of Process

As to service of process on Defendants **WILLIAM JOHNSON, BENNETT, LLOYD,**

**DAVID EALEY, OFFICER STARKWEATHER, MR. HENRY, CHRISTOPHER**

**PHEMISTER, REES, A. WALTERS, SHELBY DUNN** and **LAKEISHA HAMBY**, the

Court recognizes that because Plaintiff is incarcerated in a different institution from the location

where his claims arose, he may have difficulty effectuating service within the 120 day time limit

imposed by Federal Rule of Civil Procedure 4(m).  Plaintiff has not been granted leave to

proceed *in forma pauperis* in this action, therefore, the Court will not automatically appoint the

United States Marshal to effect service of process upon Defendants.  However, if Plaintiff desires

to request the appointment of the United States Marshal to serve process on the Defendants,

Plaintiff shall file a motion for service of process at government expense on or before March 27,

2013.  The Clerk of Court is **DIRECTED** to mail to Plaintiff the Court's Pro Se Litigant Guide,

containing forms and instructions for filing said motion, as well as a form motion for leave to

proceed *in forma pauperis*.

If Plaintiff does not timely file a motion for service of process at government expense, it

shall be Plaintiff's responsibility to have Defendants **WILLIAM JOHNSON, BENNETT,**

**LLOYD, DAVID EALEY, OFFICER STARKWEATHER, MR. HENRY,**

**CHRISTOPHER PHEMISTER, REES, A. WALTERS, SHELBY DUNN** and **LAKEISHA**

**HAMBY** served with a summons and copy of the complaint pursuant to Federal Rule of Civil

Procedure 4.  Plaintiff is advised that only a non-party may serve a summons.  Fed.R.Civ.P.

4(c)(2).

      If Plaintiff requests the appointment of the United States Marshal, the Clerk of Court

shall prepare a summons and copies of the complaint and this Memorandum and Order for each

Defendant, and shall forward the same to the United States Marshal for service.  If Plaintiff does

not timely file a motion for service of process at government expense, the Clerk shall then

prepare a summons for each Defendant, and shall forward the summonses and sufficient copies

of the complaint and this Memorandum and Order to Plaintiff so that he may have Defendants

served.

      Plaintiff is **ORDERED** to serve upon Defendants or, if an appearance has been entered

by counsel, upon that attorney, a copy of every pleading or other document submitted for

consideration by this Court.  Plaintiff shall include with the original paper to be filed a certificate

stating the date that a true and correct copy of the document was mailed to each defendant or

defendant's counsel.  Any paper received by a district judge or magistrate judge which has not

been filed with the Clerk or which fails to include a certificate of service will be disregarded by

the Court.

      **IT IS FURTHER ORDERED** that, with respect to a Defendant who no longer can be

found at the work address provided by Plaintiff, if the United States Marshal is appointed to

serve process pursuant to a motion by Plaintiff, the employer shall furnish the United States

Marshal with the Defendant's current work address, or, if not known, the Defendant's last-

known address.  This information shall be used only for effecting service of process.  Any

documentation of the address shall be retained only by the Marshal.  Address information shall

not be maintained in the court file or disclosed by the Marshal.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge Philip M. Frazier for further pre-trial proceedings.

Further, this entire matter is **REFERRED** to United States Magistrate Judge Philip M. Frazier for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**Dated:   February 20, 2013**

s/J. Phil Gilbert
**J. PHIL GILBERT**
**UNITED STATES DISTRICT JUDGE**