IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOSEPH WILBORN, No. R-17937, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CIVIL NO. 13-cv-00176-MJR |
| ) | |
| LOUIS SHICKER, ) | |
| MARVIN POWERS, and ) | |
| NIGEL VINYARD, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

**REAGAN, District Judge:**

      Plaintiff Joseph Wilborn, who is serving a 55-year sentence for murder and is currently incarcerated at Pontiac Correctional Center, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff initially filed a single action, *Wilborn v. Shicker*, No. 13-70-JPG (S.D.Ill. Nov. 20, 2012), pertaining to events at Menard Correctional Center and Tamms Correctional Center, which are both located in this district.[1] Plaintiff contends that after prison officials at Menard severely beat him in July 2011, rather than providing him with medical care for his injuries, they transported him overnight to Tamms, where he was denied care (Doc. 13). Pursuant to *George v. Smith,* 507 F.3d 605, 607 (7th Cir. 2007), by Order dated February 20, 2013, Count 7 of the original complaint was severed from the original case, thus forming the basis for this case.

      Count 7 alleges that for more than a year the Medical Director for the Illinois Department of Corrections, Louis Shicker, along with Tamms Medical Director Dr. Powers and Health Care Unit Administrator Vinyard, were all deliberately indifferent to Plaintiff's serious

---

[1] Tamms Correctional Center closed in January 2013.

1

medical needs when they subsequently denied Plaintiff follow-up care recommended by an outside physician.

Plaintiff Wilborn has now indicated that he desires to pursue this new case, in that he moved for leave to proceed as a pauper (Doc. 5). Although Plaintiff's motion for leave to proceed *in forma pauperis* will be addressed by separate order, a preliminary review of Plaintiff's trust fund account statement reveals that he qualifies as a pauper for purposes of 28 U.S.C. § 1915. Consequently, the officers of the Court shall effect service of summons and the complaint pursuant to Section 1915(d).

**IT IS HEREBY ORDERED** that Count 7 of the original complaint shall proceed as the sole claim in this action, re-designated as "Count 1." In all future pleadings (until otherwise directed by the Court) this action shall be captioned: *Joseph Wilborn, Plaintiff v. Louis Shicker, Marvin Powers and Nigel Vinyard*, Defendants, Case No. 13-cv-176-MJR.

**IT IS FURTHER ORDERED** that the Clerk of Court shall prepare for Defendants **LOUIS SHICKER**, **MARVIN POWERS** and **NIGEL VINYARD**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work

address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge Stephen C. Williams for further pre-trial proceedings. Further, this entire matter shall be **REFERRED** to United States Magistrate Judge Stephen C. Williams for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or

give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff.  Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:  April 1, 2013**

s/ *Michael J. Reagan*
**MICHAEL J. REAGAN**
**UNITED STATES DISTRICT JUDGE**